```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
```
KELLYANN A. McKENZIE,

        Plaintiff,                               **MEMORANDUM & ORDER**

    -against-                                 24-CV-6729 (NRM) (LB)

CHAD WARREN and STEPPING STONE
PRE + GRADE SCHOOL,

        Defendants.
```
----------------------------------------------------------------X
```
KELLYANN A. McKENZIE,

        Plaintiff,

    -against-                               24-CV-8127 (NRM) (LB)

CHAD WARREN and STEPPING STONE
PRE + GRADE SCHOOL,

        Defendants.
```
----------------------------------------------------------------X
```
NINA R. MORRISON, United States District Judge:

        Plaintiff Kellyann A. McKenzie ("Plaintiff"), proceeding *pro se*, commenced this civil action on August 28, 2024 in the United States District Court for the Southern District of New York. Dkt. No. 24-CV-6729, ECF No. 1. Plaintiff's complaint was initially transferred to this Court on September 25, 2024. Dkt. No. 24-CV-6729, ECF No. 4. The same complaint appears to have been docketed a second time in the Southern District and was transferred to this Court on November 22, 2024. Dkt. No. 24-CV-8127, ECF No. 8. As no useful purpose would be served by the litigation of duplicate actions, only the first action, Dkt. No. 24-CV-6729, need proceed in this Court. Plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915,

Dkt. No. 24-CV-6729, ECF No. 2, is granted for the limited purpose of this Order. For the reasons set forth below, if Plaintiff wishes to continue with this lawsuit in federal court, she is directed to file an amended complaint in Dkt. No. 24-CV-6729 within 30 days of the date of this Order.

## BACKGROUND

The complaint is filed on a form complaint for civil actions. ECF No. 1.[1] In the space to provide a basis for the federal courts' jurisdiction, Plaintiff checks the box for Federal question and identifies the violated constitutional right as "right to a proper education." *Id.* at 2. Plaintiff asserts that she is a citizen of Massachusetts and that Defendants are citizens of New York State. Plaintiff states that she "desired a good private education for her daughter, K.M.M." *Id.* at 5. She states that when her daughter was in the second grade, the instructor told her that her daughter's academic performance was "not up to par, almost as if she should not have been promoted to the second grade." *Id.* at 6. Plaintiff states that she enrolled K.M.M. in professional tutoring services, which cost $2,000 and was stressful for Plaintiff and her daughter. *Id.* at 7. Plaintiff claims that the situation with her daughter caused "psychological trauma," aggravated Plaintiff's bipolar disorder, and prevented her from completing real estate classes. *Id.* at 6.[2] She also claims "brain damage to

---

[1] This and all following references to ECF entries are to Dkt. No. 24-CV-6729.

[2] Plaintiff has brought at least six lawsuits in this Court in which she alleged that a defendant's actions caused her emotional distress by aggravating her bipolar disorder. *See McKenzie v. T-Mobile*, No. 23-CV-4557-NRM-LB; *McKenzie v. T-Mobile*, No. 23-CV-6697-NRM-LB; *McKenzie v. Chung*, No. 24-CV-6679-NRM-LB; *McKenzie*

Plaintiff's daughter that caused reading problems to the present." *Id*. Plaintiff asserts that Defendants' actions constituted negligence and breach of contract. *Id*. She seeks $4 million in damages. *Id*.

On July 7, 2023, Plaintiff filed a nearly identical lawsuit against the same defendants. *McKenzie v. Warren*, No. 23-CV-5240-NRM-LB. When she filed that action, Plaintiff stated that she lived in New York State. No. 23-CV-5240, ECF No. 1 at 4. The Court dismissed the case because negligence and breach of contract do not implicate any federal law or right and there is no federal constitutional or statutory right to education for one's children. No. 23-CV-5240-NRM-LB, 2023 WL 4903279, at *2 (E.D.N.Y. Aug. 1, 2023) (citing *Goe v. Zucker*, 43 F.4th 19, 31 (2d Cir. 2022) and *Bryant v. N.Y. State Educ. Dep't*, 692 F.3d 202, 217 (2d Cir. 2012) ("The right to public education is not fundamental.")). The Court found that since Plaintiff and Defendants were alleged to be citizens of New York State, Plaintiff could not rely on diversity of citizenship to assert federal jurisdiction over potential state law claims. *Id*.

## STANDARD OF REVIEW

*Pro se* complaints are held to less stringent standards than pleadings drafted by attorneys, and the Court is required to read Plaintiff's *pro se* complaint liberally and interpret it as raising the strongest arguments it suggests. *Erickson v. Pardus*, 551 U.S. 89 (2007); *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 191–93 (2d

---

*v. Chung*, No. 23-CV-4520-NRM-LB; *McKenzie v. Brown*, No. 23-CV-04556-NRM-LB; *McKenzie v. Brown*, No. 24-CV-06730-NRM-LB.

3

Cir. 2008). At the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 123 (2d Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)). A complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." Moreover, the party bringing the action must demonstrate that the Court has subject matter jurisdiction over the action. "[F]ailure of subject matter jurisdiction is not waivable and may be raised at any time by a party or by the court *sua sponte*. If subject matter jurisdiction is lacking, the action must be dismissed." *Lyndonville Sav. Bank & Trust Co. v. Lussier*, 211 F.3d 697, 700–01 (2d Cir. 2000). *See* Fed. R. Civ. P. 12(h)(3). Federal subject matter jurisdiction is available only when a "federal question" is presented, 28 U.S.C. § 1331, or when plaintiff and defendant are of diverse citizenship and the amount in controversy exceeds $75,000, 28 U.S.C. § 1332. The party claiming diversity jurisdiction "has the burden of proving that it appears to a reasonable probability" that the plaintiff actually could get damages greater than $75,000. *Chase Manhattan Bank, N.A. v. Am. Nat'l Bank and Trust Co. of Chicago*, 93 F.3d 1064, 1070 (2d Cir. 1996) (citations and internal quotation marks omitted); *see also Tongkook Am., Inc. v. Shipton Sportswear Co.*, 14 F.3d 781, 784 (2d Cir. 1994) ("[W]ith mounting federal

4

case loads, . . . it has become doubly important that the district courts take measures to discover those suits which do not belong in a federal court and to dismiss them when the court is convinced to a legal certainty that the plaintiff cannot recover an amount in excess of the minimum statutory jurisdictional amount." (internal omissions and additions and citation omitted)).

## **DISCUSSION**

The only relevant difference between the instant complaint and Plaintiff's prior case against these same Defendants is that Plaintiff has moved out of New York State. As before, Plaintiff has not identified any federal law or constitutional right related to the quality of education or Plaintiff's contract with the school. Now that Plaintiff brings this lawsuit as a resident of a different state, the Court has considered whether she can assert diversity jurisdiction over possible state-law claims for negligence and breach of contract. Plaintiff claims that she expended $2,000 in tutoring costs and suffered emotional distress as a result. Yet she claims $4 million in damages. Based on the allegations in the complaint, the Court finds that Plaintiff could not plausibly recover that amount. *See Ulmer v. StreetTeam Software, LLC*, 22-cv-5662, 2023 WL 2306020 (E.D.N.Y. Feb. 28, 2023) ("[T]o invoke diversity jurisdiction, a plaintiff must allege facts sufficient to plausibly show an amount in controversy of more than $75,000." (citation and quotation marks omitted)).

Even if the Court credited Plaintiff's claims of psychological injuries, she has not pleaded facts sufficient to warrant relief under applicable law. For example, under New York state law, "intentional infliction of emotional distress has four

5

elements: (1) extreme and outrageous conduct, (2) intent to cause severe emotional distress, (3) a causal connection between the conduct and the injury, and (4) severe emotional distress." *Bender v. City of New York*, 78 F.3d 787, 790 (2d Cir. 1996). In order to state a claim for negligent infliction of emotional distress, a plaintiff must plead a "breach of a duty owed to [the] plaintiff which exposes him or her to an unreasonable risk of bodily injury or death." *Castanza v. Town of Brookhaven*, 700 F. Supp. 2d 277, 293 (E.D.N.Y. 2010). *See also Calicchio v. Sachem Central Sch. Dist.*, 185 F. Supp. 3d 303, 314 (E.D.N.Y. 2016) ("Extreme and outrageous conduct is also an element of negligent infliction of emotional distress."). Here, the challenged conduct — informing Plaintiff that her daughter needed external academic supports, or promoting her to the second grade when she was not prepared, or even failing to give her a "good private education" — does not appear to be extreme or outrageous and "inten[ded] to cause" Plaintiff "severe emotional distress" or to present a risk of bodily harm to Plaintiff. *Bender*, 78 F.3d at 790. To the extent that Plaintiff's daughter may have been harmed by Defendants' actions, that claim can only be brought on behalf of the daughter and not by Plaintiff, unless she is an attorney.[3]

---

[3] A *pro se* plaintiff cannot represent her child in a lawsuit unless the parent is an attorney admitted in this Court. *See Tindall v. Poultney High Sch. Dist.*, 414 F.3d 281, 284 (2d Cir. 2005) ("It is . . . a well-established general rule in this Circuit that a parent not admitted to the bar cannot bring an action *pro se* in federal court on behalf of his or her child."); *see also Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998) ("[B]ecause *pro se* means to appear for one's self, a person may not appear on another person's behalf"). Accordingly, any claims Plaintiff's daughter may have arising from these events may only be raised by counsel on behalf of the daughter.

"[B]efore determining that the amount in controversy requirement has not been met, the court must afford the plaintiff an appropriate and reasonable opportunity to show good faith in believing that a recovery in excess of the jurisdictional amount is reasonably possible." *Chase Manhattan Bank*, 93 F.3d 1064, 1070 (2d Cir. 1996) (quotation marks, alterations, and citations omitted). Accordingly, the Court will give Plaintiff a chance to explain how her claim for money damages could be worth more than $75,000. *See Grullon v. City of New Haven*, 720 F.3d 133, 139 (2d Cir. 2013) ("A *pro se* complaint should not be dismissed without the Court's granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." (internal quotation marks, citation, and alterations omitted)).

Should she wish to proceed with this lawsuit, Plaintiff must file an amended complaint that asserts a basis for jurisdiction pursuant to 28 U.S.C. § 1332 by providing the basis for her damages claim. Plaintiff is reminded that an amended complaint completely replaces the original, so Plaintiff must include in the amended complaint all the necessary information to support her claims. The amended complaint should be captioned "Amended Complaint" and bear Docket Number 24-CV-6729.

## CONCLUSION

For the reasons set forth above, both actions are dismissed without prejudice for lack of subject matter jurisdiction. Fed. Civ. P. 12(h)(3). However, Plaintiff may,

if she chooses, file an amended complaint in Docket Number 24-CV-6729. All further proceedings in Docket Number 24-CV-6729 shall be stayed for 30 days.

If Plaintiff fails to file an amended complaint in Docket Number 24-CV-6729 within the time allowed or fails to assert facts to support the Court's subject matter jurisdiction, the Clerk of Court shall be directed to close Docket Number 24-CV-6729 and enter judgment.

Docket Number 24-CV-8127 is a duplicate of Docket Number 24-CV-6729. Accordingly, Docket Number 24-CV-8127 is dismissed without prejudice to the claims in Docket Number 24-CV-6729. The Clerk of Court is directed to mark Docket Number 24-CV-8127 closed.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). The Clerk of Court is respectfully directed to mail a copy of this Order to Plaintiff and to note the mailing on both dockets.

Plaintiff may contact the City Bar Justice Center's Federal Pro Se Legal Assistance Project at 212-382-4729 to make an appointment for free, confidential, limited-scope legal assistance at the Brooklyn Federal Courthouse.

SO ORDERED.

                                            */s/ NRM*
                                            NINA R. MORRISON
                                            United States District Judge

Dated:   April 29, 2025
             Brooklyn, New York